UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mary Catherine Martin and <br> Jeffrey E. Martin <br><br> Plaintiffs, <br><br> v. <br><br> Global Experience Specialists, Inc. <br><br> Defendant. | No. 13 C 07749 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

On August 14, 2013, Mary and Jeffrey Martin[1] ("Plaintiffs") filed a two-count complaint against Defendant Global Experience Specialists, Inc. ("GES") in the Circuit Court of Cook County. They claim that GES is liable for injuries Mary Martin sustained on September 14, 2011, when she tripped and fell at a convention in Texas. R. 1-1. GES removed the suit to this Court, asserting that the case falls within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). R. 1. Plaintiffs oppose the removal and move to remand the case to state court. R. 9. GES moves for leave to amend its removal petition. R. 11. For the following reasons, Plaintiffs' motion to remand is denied and GES's motion for leave to amend is granted.

---

[1] Plaintiffs are referred to by their first names for clarity.

1

## Background

In their original state court complaint, Plaintiffs alleged negligence and loss of consortium against GES, the company alleged to be in control of the convention area and table over which Mary tripped in September 2011. The first count, negligence, was made on behalf of Mary and Jeffrey for "a sum in excess of the [Illinois] jurisdictional limit" of $50,000. R. 1-1 at 5. The second count, loss of consortium, was made on behalf of Jeffrey in the same amount.[2] *Id.* at 6.

On September 17, 2013, the College of America Pathologists ("CAP"), Mary's employer, filed an Intervening Petition pursuant to provisions of the Illinois Workers' Compensation Act. R. 9-2. CAP asserted a lien on any recovery by Mary because of monies paid out to her for workers' compensation benefits. *Id.*

On September 20, 2013, GES served Plaintiffs with a request to admit facts pursuant to Illinois Supreme Court Rule 216, inquiring into the citizenship of Jeffrey and the amount of damages in controversy in the case. R. 1-1 at 18-24. On October 3, 2013, Jeffrey responded that he was a citizen of Illinois. R. 1-2 at 44-45. Mary is also a citizen of Illinois. R. 1 at 2 (¶ 1). Additionally, GES asked Mary to admit or deny that the monetary damages she sought exceeded $75,000, exclusive of attorney's fees, costs, and interests. R. 1-1 at 16-19.

On September 26, 2013, Mary filed objections to GES's request to admit facts related to the amount in controversy. R. 1-1 at 29-31. She stated that the request

---

[2] As to the amount in controversy for diversity jurisdiction, separate claims of multiple plaintiffs against a single defendant cannot be aggregated. *See McMillan v. Sheraton Chi. Hotel & Towers,* 567 F.3d 839 (7th Cir. 2009).

2

sought "the admission of irrelevant information, would require speculation, and calls for a conclusion." R. 1-1 at 30. Mary also stated that "whether or not the plaintiff *ultimately* seeks monetary damages in excess of $75,000, it is not of any consequences to the determination of this matter whatsoever and therefore, is irrelevant." *Id.* Mary also responded that she "continues to seek treatment for the injuries sustained as a result of the occurrence alleged in Count I of the Complaint at Law; thus, the ultimate amount sought at trial is impossible to determine and would call for speculation." *Id.* Finally, Mary asserted that "the question of an amount owed by a purported debtor is legal in nature and thus, an inappropriate subject for a Request to Admit." *Id.*

On October 29, 2013, GES, filed a petition for removal to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. R. 1. On November 27, 2013, Plaintiffs filed the instant motion to remand. R. 9. On December 12, 2013, GES filed a motion for leave to amend its petition for removal, adding CAP as an intervenor. R. 11. GES is a Nevada corporation with its principal place of business in Las Vegas. R. 1 ¶ 5. Neither party has disputed that CAP is an Illinois corporation with its principal place of business in Illinois. *Id.* ¶ 11; R. 14 at 3.

## Analysis

"As the party seeking to invoke federal jurisdiction, [GES] bears the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Plaintiffs move to remand on three bases. First, they argue that GES's petition for removal is fatally flawed because it omits allegations, facts,

3

or references to intervenor CAP, which destroys diversity of citizenship. R. 9 ¶¶ 14, 19. Second, Plaintiffs argue that GES failed to timely file its petition for removal within 30 days under 28 U.S.C. § 1446(b)(1) because GES filed its petition for removal 76 days after Plaintiffs filed their Complaint. R. 9 ¶¶ 15-17. Third, Plaintiffs argue that GES cannot establish that the Court has original jurisdiction under 28 U.S.C. § 1332 because it cannot demonstrate the amount in controversy exceeds $75,000. R. 9 ¶ 18.

**I. Removal Petition References to Intervenor CAP and Party Alignment**

Plaintiffs argue that CAP was an indispensable party to the case at the time it was filed and that, under the Illinois Workers' Compensation Act, CAP is subrogated to Mary's rights in the case. Plaintiffs assert that because GES failed to name and affirmatively allege CAP's citizenship in its petition for removal, the Court does not have jurisdiction. R. 9 ¶¶ 14, 19.

GES argues that its failure to allege CAP's citizenship in the petition for removal is not fatal because it provided notice to CAP when it removed the case, and therefore it complied with 28 U.S.C. §1446(e) which states:

> Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

4

28 U.S.C. § 1446(d)(1988).³ R. 14 at 4-5. GES also argues that CAP's citizenship does not substantively affect its petition for removal because diversity of citizenship existed at the time of removal. *Id.* at 3-5. Specifically, GES contends that CAP would have been properly aligned with the plaintiff because CAP is seeking reimbursement of its workers' compensation lien. *Id.* Finally, GES argues that it did not need CAP's consent for removal pursuant to 28 U.S.C. § 1446(b)(2)(A) because CAP is not aligned as a defendant. *Id.*

A party petitioning to remove a state court case to federal court must allege in the petition "a short and plain statement of the facts which entitle" it to remove. 28 U.S.C. § 1446(a); *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). Removal must be effected within 30 days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first. 28 U.S.C. § 1446(b). A removal petition may be amended freely within the 30-day period. *N. Ill. Gas. Co.*, 676 F.2d at 273. Even after the 30-day period, amendments to correct "defective allegations of jurisdiction" are permitted. *Id.*

The Seventh Circuit looks to whether "the notice is incurably defective to determine whether a notice of removal can be amended. A notice of removal may be amended if the court determines that a jurisdictional fact mistakenly omitted from the four corners of the notice or, imperfectly stated, is actually present." *Schweihs v. Burdick*, No. 94-CV-7106, 1995 WL 124267, at *2 (N.D. Ill. Mar. 20, 1995) (citing

---

³ Before the 1988 removal amendments, § 1446(d) was codified at § 1446(e). *See* 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.168 [3.–8–1], at 613 (2d ed. 1990); *L & O P'ship No. 2 v. Aetna Cas. & Sur. Co.*, 761 F. Supp. 549, 551 (N.D. Ill. 1991)

5

*Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368-69 (7th Cir. 1993) *modified by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006))). The Court "examines the specific allegations of the petition, the complaint from the state court, and any other items properly considered with the petition." *Indus. Nat. Bank of E. Chic., Ind. v. Employers Cas. Co. of Dallas, Tx.*, No. 85-C-327, 1986 WL 1008, at *2 (N.D. Ill. Jan. 3, 1986) (citing *N. Ill. Gas Co.*, 676 F.2d at 273–274; *Evans-Hailey Co. v. Crane Co.*, 207 F. Supp. 193, 202–03 (M.D. Tenn. 1962)). While the removal statutes are to be strictly construed, district courts should not "indulge in formalism or sterile technicality." *Pinnacle Performance v. Garbis*, No. 12-CV-1136, 2012 WL 1378673, at *3 (N.D. Ill. Apr. 20, 2012) (quoting *N. Ill. Gas Co.*, 676 F.2d at 274 and n. 2).

In this case, GES's removal petition is not incurably defective. Plaintiffs' complaint is attached to GES's removal petition. R. 1-1. The complaint names CAP as Mary's employer who "has paid and continues to pay benefits pursuant to the Illinois Workers Compensation Act" as a result of Mary's injuries. R. 1-1 at 5 (¶ 11). The complaint further states that CAP "is entitled to statutory reimbursement for workers compensation benefits paid as a result of the aforesaid injuries . . . due to the negligent conduct of the defendant, [GES]." *Id.* at 5 (¶ 12). The record also includes notices of various discovery filings served on CAP as an intervenor. *See, e.g.,* R. 1-1 at 26-28, 35-37 (Mary's Objections to Request to Admit and Jeffrey's Response to Request to Admit Facts). Moreover, GES does not seek to add different grounds for removal in seeking to amend the removal petition. *Cf, e.g., Stein v.*

6

*Sprint Commc'ns. Co., L.P.,* 968 F. Supp 371, 375 (N.D. Ill. 1997) (denying plaintiff's request to add federal question jurisdiction to removal petition after the 30-day limit where initial petition was based on diversity jurisdiction and facts supporting federal question jurisdiction were apparent from plaintiff's complaint). Thus, the jurisdictional fact of CAP's status and interest as intervenor, though "mistakenly omitted from the four corners of the notice," is actually present. *Schweihs*, 1995 WL 124267, at *2 (citations omitted).

Additionally, GES's omission of CAP does not go to the heart of jurisdiction because even if CAP were considered an indispensable party, its alignment appears to be with Plaintiffs. Where jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation. *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). Although the Seventh Circuit has not squarely confronted the circumstances presently before the Court, other district courts have found employers and insurance companies to be aligned with plaintiffs. *See, e.g., Lund v. Universal Furniture Indus., Inc.,* No. 07-C-237-S, 2007 WL 5595963, at *1 (W.D. Wis. June 11, 2007); *Johnson v. Qualawash Holdings, LLC*, No. 2:12 CV-0885-PM-KK, 2013 WL 3050021, at *4. (W.D. La. June 17, 2013). In *Lund* and *Johnson*, the courts found that the employer or compensation insurer should be aligned as an intervenor-plaintiff because they sought to recover benefits paid on the employees' behalf. The reasoning of those decisions in examining whether the parties' interests are aligned in the present action—where both seek to

maximize recovery from the defendant—is persuasive. Additionally, based on CAP's intervening petition, it does not appear to have asserted any interest opposing that of Plaintiffs. R. 9-2. Diversity thus would not be destroyed as CAP is economically aligned with Plaintiffs.

Plaintiffs' reliance on *Murphy v. Towmotor Corp.,* 642 F. Supp. 22, 24 (N.D. Ill. 1985) is unavailing. In *Murphy*, after removal from state court, the status of plaintiff's employer as an intervenor was only revealed at the final pretrial order stage of the case. In its opinion remanding the case, the Court said that the plaintiff's intervening employer's alignment with the plaintiff "seem[ed] clearly right." *Id.* at 23 n.3. In a subsequent ruling on a motion to vacate, the Court reconsidered its stance. The Court posited that the employer may have interests adverse to both a third-party tortfeasor and the employee in cases where the employer's reimbursement might reduce the employee's recovery from the third party tortfeasor. *Id.* at 25-26.

At this stage of litigation, with no apparent opposing interests between Plaintiffs and CAP, the Court finds CAP's interests to be aligned with Plaintiffs. Plaintiffs do not identify any other case to support the theory that CAP is aligned with GES. Accordingly, the Court concludes that the defect in GES's petition for removal is curable, and grants RES' motion to amend the notice of removal to identify CAP as an intervenor and its status as an Illinois not-for-profit corporation with its principal place of business in Illinois.

## II. Amount in Controversy

Plaintiffs also argue that remand is required because they have never admitted that the amount in controversy exceeds $75,000. R. 9 at 5 (¶ 18). They further argue that Mary's objection to GES's request to admit was never overruled by the Circuit Court since GES did not request a hearing on the objection. *Id.*

GES points to four factors in support of an amount in controversy above $75,000: (1) Mary's failure to respond to GES's request to admit that the damages she seeks are in excess of $75,000; (2) Mary's allegation in her complaint that she suffers from numerous injuries resulting in various economic losses; (3) Mary's refusal to accept GES's settlement offer of $30,000; and (4) as of September 18, 2013, Mary's diagnosis of chronic pain syndrome and treatment for her injuries.[4] R. 14 at 8.

GES also responds that Plaintiffs' refusal to answer the request did not comply with Illinois Supreme Court Rule 216. R. 14 at 11. GES contends that the objection was in bad faith and an attempt to prevent removal, despite Mary's ability to give a complete answer. *Id.* at 10. GES asserts that if it had waited to file a motion for ruling on the objections, it would have missed the 30-day time period for removal. R. 14 at 10-11.

---

[4] With respect to treatment, GES cites Mary's response to its request to admit and Plaintiffs' complaint. R. 14 at 18. They state, respectively, that Mary "continues to seek treatment for the injuries sustained," that she "has received and continues to receive extensive medical care and treatment for her injuries," and that "losses have been incurred and are reasonably certain to incur in the future." R. 14-2 at 37 (¶ 6); R. 14-2 at 11-12 (¶ 10).

9

To determine whether Plaintiffs' response to GES's request constituted an "admission" for purposes of removal under section 1446(b), this Court looks to Illinois Supreme Court Rule 216(c). Applying Rule 216, Illinois courts hold that "a party has a good-faith obligation to make a reasonable effort to secure answers . . . from persons and documents within the responding parties reasonable control." *Szczeblewski v. Gossett*, 795 N.E.2d 368, 372 (Ill. App. Ct. 5th Dist. 2003). Where a party does not reasonably and fully respond to a request to admit, the trial court may deem the requests properly admitted. *See Liepelt v. Norfolk and W. Railway Co.*, 378 N.E.2d 1232, 1244 (Ill. App. Ct. 1st Dist. 1978), rev'd on other grounds, 440 U.S. 490 (1980).

Here, in response to GES's request asking Plaintiffs to admit that "they seek damages in excess of $75,000," Plaintiffs refused to answer on the grounds that the request sought "the admission of irrelevant information, would require speculation and call[ed] for a conclusion." R. 1-1 at 30. Plaintiffs also stated that "whether or not the plaintiff ultimately seeks monetary damages in excess of $75,000 it is not of any consequences to the determination of this matter whatsoever and therefore, is irrelevant." *Id.* Based on the evasiveness of Plaintiffs' responses, it appears that Plaintiffs purposefully attempted to avoid removal by not fully responding to the requests, despite having the ability to give full and complete answers.

Moreover, the Court finds that GES has met its burden regarding the amount in controversy. In a removal action, the burden rests on the defendant, the proponent of federal jurisdiction, to prove by a preponderance of the evidence that

10

the amount in controversy is sufficient. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "The basic criterion for determining whether the amount sought was not made in good faith is if it can be concluded beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Loss v. Blankenship*, 673 F.2d 942, 950 (7th Cir. 1982) (quotation marks and citation omitted). Once the removing party has met its initial burden, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). "The amount in controversy is evaluated as of the time of removal . . . although events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed." *Id.* at 680-81.

GES has met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. According to the complaint, Mary tripped and fell over a table top from a disassembled table on the floor at the convention in Texas. R. 1-1 at 3. In support of the amount in controversy, GES cites Mary's allegations in paragraph 10 of her Complaint: that Mary suffers from "permanent injuries, including but not limited to pain syndrome in the shoulder, arm and hand as well as injuries to the fingers and knee, and as a result suffered losses of a personal and pecuniary nature, including . . . economic losses, medical expenses, pain and suffering, surgery, disfigurement, disability and loss of normal life." R. 1-1 at 3-4. GES also points to Mary's diagnosis, at least as of September 18, 2013, of chronic pain syndrome and her treatment for her injuries. R. 14 at 8.

Based on the allegations regarding Mary's past medical expenses, her ongoing physical pain, her potential future medical expenses, and the affidavit attached to her complaint filed pursuant to Illinois Supreme Court Rule 222 attesting that she seeks damages in excess of $50,000, R. 1–1 at 7, the Court finds that GES has established by a preponderance of the evidence that Plaintiffs are seeking damages in excess of $75,000. *See Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011).

Given that GES has satisfied its burden, in order to defeat removal, Plaintiffs must demonstrate that such a recovery by them would be "legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Co., Inc.*, 637 F.3d 827, 830 (7th Cir. 2011). Plaintiffs have failed to meet this high burden. Relevant to this calculus is whether a plaintiff stipulates before removal that she will not demand or accept any recovery in excess of the jurisdictional limit. *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). Indeed, "[a] plaintiff can defeat removal of a diversity case by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages." *Walton*, 643 F.3d at 998. Here, Plaintiffs made no such commitment pre-removal. Though such a stipulation post-removal would not defeat jurisdiction, a refusal to so stipulate is telling because when a plaintiff fails to make such a stipulation, "the inference arises that he thinks his claim may be worth more." *Workman*, 234 F.3d at 1000. Accordingly, based on the evidence in the record, Plaintiffs have failed to establish that a $75,000 damage recovery is a legal impossibility. Because GES has satisfied its burden of demonstrating that damages

will exceed $75,000 and Plaintiffs have failed to show that such a recovery would be legally foreclosed, the Court has subject matter over this case pursuant to 28 U.S.C. § 1332. GES's removal of the case was proper.

**III. Timeliness of Petition for Removal**

Plaintiffs filed their complaint on August 14, 2013. R. 1-1. GES filed its petition for removal on October 29, 2013. R. 1. Plaintiffs allege that GES failed to timely file their petition for removal within 30 days under 28 U.S.C. 1446 (b)(1). R.9 ¶ 15. GES asserts that its removal petition was timely because it was filed within 30 days of receipt of Jeffrey's October 3, 2013, response to GES request to admit. R. 14 at 5-6. In that response, Jeffrey admitted that he is a citizen of Illinois. R. 1-2 at 44-45. GES asserts that this information was not in Plaintiffs' complaint, which Plaintiffs do not dispute.

> 28 U.S.C § 1446 provides in pertinent part that:
>
> . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446 (b)(3) (West). "Courts construe the 'other paper' requirement to include 'papers that are part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court process.'" *Rooflifters, LLC v. Nautilus Ins. Co.*, No. 13-C-3251, 2103 WL 3975382, at *6 (N.D. Ill. Aug. 1, 2013) (internal quotation marks omitted) (quoting *Gilardi v. Atchinson, Topeka and Santa Fe Railway Co.,* 189 F. Supp. 82, 85 (N.D. Ill. 1960)), and include such "papers" as

discovery depositions, interrogatory answers, or any official papers filed with the action *sub judice*. *Hernandez v. Schering Corp.*, No. 05 C 0870, 2005 WL 1126911, at *2 (N.D. Ill. May 5, 2005) (internal citations omitted).

Although Plaintiffs dispute that GES ever received "other paper" admitting that the amount in controversy exceeds $75,000, they concede that GES's notice and petition for removal were filed within 30 days of receipt of Jeffrey's Response to GES's Request to Admit pertaining to his citizenship. R. 16 at 4. Plaintiffs also concede that GES filed its notice and petition for removal within the 30-day deadline as required by statute. R. 16 at 4. As such, GES's removal petition was timely-filed.

**Conclusion**

For the reasons above, Plaintiffs' Motion to Remand, R. 9, is denied. Additionally, GES's Motion for Leave to Amend, R. 11, is granted.

**ENTERED**:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: June 10, 2014

14